

ENTERED
10/09/2013

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| BLAKE J. MILLER and | ) | CASE NO. 13-31333-H3-13 |
| YOLANDA B. MILLER, | ) | |
| | ) | |
| Debtors, | ) | |
| | ) | |

<u>MEMORANDUM OPINION</u>

The court has held a hearing on confirmation of Debtors' plan (Docket No. 59). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying without prejudice confirmation of the plan. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Blake J. Miller and Yolanda B. Miller ("Debtors") filed a voluntary joint petition under Chapter 13 of the Bankruptcy Code on March 4, 2013. William E. Heitkamp is the Chapter 13 Trustee.

On March 12, 2013, Capital One Auto Finance ("COAF") filed a proof of claim, in the amount of $9,927.81. COAF asserts in its proof of claim that the value of its collateral, a 2005 Ford Escape, is $9,927.81. (Claim No. 2-1).

On March 12, 2013, the Clerk of Court gave notice of the commencement of the case, the meeting of creditors, the bar date for filing claims, the deadlines to object to exemptions, discharge or dischargeability, and the date of the initial confirmation hearing.  The notice provides, in pertinent part: "The deadline to object to confirmation or the valuation motion is seven days before the hearing. Objections must be filed in writing."  (Docket No. 18).

On March 21, 2013, Debtors filed their first plan. (Docket No. 24).  COAF objected to the first plan, arguing that the entire amount of COAF's claim was not provided for in the plan, and that the plan understates the value of COAF's collateral.  (Docket No. 31).

On May 4, 2013, Debtors filed a first amended plan. (Docket No. 38).  The amended plan did not change the treatment of COAF's claim.  COAF filed an objection to the first amended plan, asserting that entire amount of COAF's claim was not provided for in the plan, that the interest rate is insufficient, and that the plan "permanently modifies the rights of Capital One, including, but not limited to altering the payment terms and the interest rate of repayment under nonbankruptcy law, even if Debtor(s) are not entitled to a discharge."  (Docket No. 58).

On August 28, 2013, Debtors filed the instant amended plan.  (Docket No. 59).  The instant plan did not change the

treatment of COAF's claim.

The hearing on confirmation of the instant plan was set on September 26, 2013, at 11:00 a.m.  Prior to the hearing, COAF did not file an objection to the instant plan.

At the hearing on September 26, 2013, counsel for COAF appeared, along with counsel for Debtors and counsel for the Chapter 13 Trustee.  Counsel for the Chapter 13 Trustee announced that the Trustee recommends confirmation of the plan.

After the hearing on confirmation, COAF filed a written objection, asserting grounds asserted in the previous objection, and also asserting that Debtor understates the value of the collateral in the plan.  (Docket No. 67).

The paragraph of the plan addressing COAF's claim provides:

> 8. All Other Secured Claims (Property to be Retained). Each secured claimant is hereby designated to be in a class by itself.
>
> Subject to disposition of a timely filed motion to avoid a lien under § 522, or a complaint to determine the extent or validity of a lien filed under Fed. R. Bankr. P. 7001, each secured creditor shall retain the lien securing its claim.  The lien shall be enforceable to secure payment of the claim the lien secures, as that claim may be modified by the plan.  The holder of a claim secured by a valid lien may enforce its lien only pursuant to § 362.
>
> The following table sets forth the treatment of each class of secured creditors whose claims are modified by the Plan.  The amount of secured claim to be paid under this plan is the lesser of the amount listed below as the "Collateral Value" and the allowed amount of the holder's claim.  If the Court allows a different amount

>than is shown below, the Plan shall be deemed amended without the requirement of the filing of an amended plan. The amount listed as "Estimated Amount Periodic Payment" will be adjusted to reflect the actual amount of the allowed claim.
>(Table is omitted, showing COAF's claim with a principal amount of $9,927.81, collateral value of $5,362.50, with the notation "Pay Value," an interest rate of 4.25%, and payments of $67.03 during months 1 through 7 and $200.00 in months 8-34).

(Docket No. 59).

No party presented evidence at the hearing on confirmation.

## Conclusions of Law

Section 1325(a)(5) of the Bankruptcy Code addresses the requirements for confirmation with respect to secured claims. It provides:

>(a) Except as provided in subsection (b), the court shall confirm a plan if -
>
>>(5) with respect to each allowed secured claim provided for by the plan -
>>
>>>(A) the holder of such claim has accepted the plan;
>>>
>>>(B)(i) the plan provides that -
>>>
>>>>(I) the holder of such claim retain the lien securing such claim until the earlier of -
>>>>
>>>>>(aa) the payment of the underlying debt determined under nonbankruptcy law; or
>>>>>
>>>>>(bb) discharge under section 1328; and

>> (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;
>
> (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
>
> (iii) if -
>
>> (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and
>>
>> (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or
>
> (C) the debtor surrenders the property securing such claim to such holder.

11 U.S.C. § 1325(a).

>Bankruptcy Rule 3015(f) provides:
>
>(f) Objection to confirmation; determination of good faith in the absence of an objection.
>
>An objection to confirmation of a plan shall be filed and served on the debtor, the trustee, and any other entity designated by the court, and shall be transmitted to the United States trustee, before confirmation of the plan. An objection to confirmation is governed by Rule 9014.  If no objection is timely filed, the court may determine that the plan has been proposed in good faith and not by any means forbidden by law without receiving evidence on such issues.

Rule 3015(f), Fed. R. Bankr. P.

Rule 3015(f) does not prohibit a bankruptcy court from establishing a reasonable deadline for the filing of objections, provided that the deadline is before confirmation.  In re Dorn, 315 B.R. 68 (E.D. Ark. 2004).

In the instant case, the written objection filed after the confirmation hearing by COAF is not timely.  Thus, the court will not consider the added ground asserted in that objection.  However, because the most recent amendment to Debtors' plan did not change the treatment of COAF's claim, the court finds that the objection to confirmation filed on August 27, 2013 (Docket No. 58) is timely.  Thus the court considers the following grounds asserted by COAF:  whether the entire amount of COAF's claim was provided for in the plan, whether the interest rate is sufficient, and whether the Uniform Plan violates the Bankruptcy Code.

The Debtors have the burden of proof as to all the elements for confirmation.  In re Moore, 319 B.R. 504 (Bankr. S.D. Tex. 2005); In re Hill, 268 B.R. 548 (9th Cir. BAP 2001).

In the instant case, the plan identifies the amount of COAF's claim to be $9,927.81, the amount set forth in COAF's proof of claim.  The language of paragraph 8 does not prevent the unsecured portion of COAF's claim from being treated as an unsecured claim under the plan.  The court concludes that the

entire amount of COAF's claim is provided for in the plan.[1]

With respect to the question of whether the Uniform Plan violates Section 1325(a), COAF's counsel at the hearing directed the court to the unpublished opinion in In re Bolden, 2013 WL 3897048 (E.D. Mich. 2013).  In Bolden, the debtor proposed a plan providing for modification of the debt secured by a vehicle, reducing the interest rate, and paying the fair market value of the vehicle.  The creditor did not object to the plan, the plan was confirmed, and the debtor made all payments due under the plan.  Thereafter, the creditor asserted that it was entitled to retain a lien in the vehicle to collect the difference between its contract interest rate of 17.45 percent and the plan interest rate of 7.5 percent.  The bankruptcy court held, and the district court affirmed, that the creditor's debt was not crammed down, but rather modified in the plan, because by failing to object, the creditor had accepted the plan.

With respect to the plan in the instant case, COAF has not accepted the plan, and Debtor is not surrendering the collateral.  Thus, resolution depends on whether the plan meets the requirements of Section 1325(a)(5)(B).  Section 1325(a)(5)(B) has three conjunctive requirements:  the plan must provide that

---

[1] The court notes that the retail installment sales contract attached to COAF's proof of claim indicates that Mrs. Miller purchased the vehicle more than 910 days prior to the petition date in the instant case.

the holder retain the lien until payment of the underlying debt or discharge, and retains the lien if the case is dismissed or converted; pay the allowed amount of the secured claim; and make equal payments which provide adequate protection.

The language of the plan in the instant case is not ambiguous.  It provides that the creditor retains its lien, and that the plan payments go to pay the allowed amount of the secured claim.  However, the plan does not comply with Section 1325(a)(5)(B)(iii)(I), which requires that the payments be in equal amounts.[2]  The court concludes that the plan does not meet all of the confirmation standards in Section 1325(a)(5), and thus cannot be confirmed.

Based on the foregoing, a separate Judgment will be entered denying without prejudice confirmation of the plan.

Signed at Houston, Texas on October 9, 2013.

_Letitia Z. Paul_
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[2] The court notes that <u>Bolden</u> addresses not the question of whether the plan should be confirmed, but rather the effect of completion of the plan.  The opinion in <u>Bolden</u> is inapposite to the instant case, because COAF has not accepted the plan.